FILED
2019 Dec-17 PM 03:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SANDRA J. STATEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:19-cv-01446-KOB |
| ) | |
| FEDERAL INSURANCE COMPANY, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION AND ORDER

This matter comes before the court on two motions to dismiss, one filed by Defendant Federal Insurance Company on behalf of Defendant Chubb Group Insurance and one filed by Defendant Broadspire Services, Inc. (Docs. 10, 11). Chubb Group and Broadspire seek to dismiss Plaintiff Sandra J. Staten's amended *pro se* complaint against them pursuant to Federal Rule of Civil Procedure 12(b)(6).

In her complaint, Ms. Staten alleges that Chubb Group, Broadspire, and Federal Insurance acted together to issue an individual accident insurance policy to Ms. Staten's now-deceased husband. (Doc. 4). Ms. Staten alleges that she and her husband paid all of the required premiums for the policy, but the Defendants acted in bad faith and breached the insurance contract by failing to pay a claim. Ms. Staten attached the insurance policy to her complaint.

Federal Insurance, acting on behalf of Chubb Group, and Broadspire argue that the court should dismiss Chubb Group and Broadspire from the case because Federal Insurance issued the insurance policy and is the only party bound by the contract. (Docs. 10, 11). The motion to dismiss filed on behalf of Chubb Group asserts that Chubb Group is not a party to the contract

1

because "Chubb Group" is merely a marketing name for a group of insurance companies that includes Federal Insurance. (Doc. 10 at 3). The motion to dismiss explains that Chubb Group is not a real corporate entity subject to suit and repeats that Federal Insurance is the only defendant that is actually a party to the insurance contract. Broadspire makes similar arguments and states that it is not a party to the contract because it merely acts as a claims adjuster for Federal Insurance; it does not issue policies. (Doc. 11 at 1–2).

This court issued an order to show cause directing Ms. Staten to show why the court should not dismiss Chubb Group and Broadspire from the case. (Doc. 12). In her response, Ms. Staten asserts that the motions to dismiss should be denied because they were filed by Federal Insurance's attorneys. (Doc. 15). She also argues that the insurance policy mentions Chubb Group and Broadspire and that Chubb Group and Broadspire are "intertwined or entangled into the business cycles of Federal Insurance." She does not directly address the arguments that Chubb Group is not a real entity and that Broadspire is merely a third-party claims adjuster.

A Rule 12(b)(6) motion attacks the complaint for failure to state a claim for which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To be plausible on its face, the claim must contain enough facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Under Alabama law, a defendant who is not party to an insurance contract cannot be held liable for breach of the insurance contract or bad faith. *Manning v. Nationwide Mut. Fire Ins. Co.*, No. 7:12-CV-4183-RDP, 2013 WL 1346984, at *3 (N.D. Ala. Mar. 28, 2013) (citing *Ligon v. O.N. Hughes Ins. Co.,* 551 So. 2d 283, 285 (Ala. 1989)). In this case, the insurance policy

attached to Ms. Staten's complaint clearly shows that the policy was issued only by Federal Insurance. (Doc. 4 at 10, 12, 18, 24, 25). Therefore, Chubb Group and Broadspire are not parties to the policy and are not liable for any failure to pay by Federal Insurance. *See Manning*, No. 7:12-CV-4183-RDP, 2013 WL 1346984, at *3.

Findings from previous cases reinforce the conclusion that the court cannot hold either Chubb Group or Broadspire liable in this case because neither is a party to the insurance contract. Other courts have held that Chubb Group is not a corporate entity that can enter into a contract or face liability for breach of contract. *See, e.g. Pincus v. Chubb Grp. of Ins. Companies*, No. CIV.A. 08-1483, 2009 WL 839096, at *1 n. 1 (E.D. Pa. Mar. 27, 2009) (stating that "'Chubb Group of Insurance Companies' is merely a descriptive phrase that refers to several separate companies under common ownership; it is not an entity or insurance company itself"). Additionally, in another case that involved both Federal Insurance and Broadspire, another judge on this court found that Broadspire—as a mere claims administrator—was not party to the insurance contract at issue and, thus, did not face liability. *Lawson v. Fed. Ins. Co.*, No. 4:17-CV-01387-SGC, 2018 WL 6171430, at *2–3 (N.D. Ala. Nov. 26, 2018). As both the relevant insurance policy and caselaw show, Chubb Group and Broadspire are not proper defendants in this case.

Accordingly, Ms. Staten has not stated a claim for which relief can be granted against either Chubb Group or Broadspire. *See* Fed. R. Civ. P. 12(b)(6). Thus, the court GRANTS Chubb Group and Broadspire's motions to dismiss and DISMISSES them from this case.

**DONE** and **ORDERED** this 17th day of December, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE